[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14679
_____

D.C. Docket No. 4:11-cv-01846-VEH


JOANNE PEARSON,

Plaintiff-Counter Defendant-Appellant,

versus

TRAVELERS HOME AND MARINE INSURANCE COMPANY,

Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 12, 2015)

Before ED CARNES, Chief Judge, TJOFLAT and SENTELLE,[*] Circuit Judges.

PER CURIAM:

---

[*] Honorable David Bryan Sentelle, United States Circuit Judge for the District of Columbia, sitting by designation.

Having studied the briefs and the pertinent parts of the record, and after hearing oral argument, we conclude that the district court did not err in entering summary judgment against the plaintiff in this case.  See, e.g., Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC, 702 F.3d 1312, 1316 (11th Cir. 2012) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.") (quotation marks omitted); Garczynski v. Bradshaw, 573 F.3d 1158, 1165 (11th Cir. 2009) ("A 'mere scintilla' of evidence is insufficient; the non-moving party must produce substantial evidence in order to defeat a motion for summary judgment."); Galvez v. Bruce, 552 F.3d 1238, 1240 n.1 (11th Cir. 2008) ("Under Federal Rule of Civil Procedure 56, the court may disregard an offer of evidence that is too incredible to be believed.") (quotation marks omitted); see also Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) ("An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party.").[1]

---

[1] The appellant contends that it was an abuse of discretion to deny her discovery motion on attorney–client privilege grounds.  The district court, however, based its discovery ruling on two independent grounds.  The other ground was the work product privilege, which appellant did not challenge in her brief.  She has, therefore, abandoned any contention that the district court erroneously applied the work product privilege.  Because she has "fail[ed] to challenge properly on appeal one of the grounds on which the district court based its" discovery ruling, "it follows that the [ruling] is due to be affirmed."  Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).

**AFFIRMED.**[2]

---

[2] The appellee's motion to strike certain portions of the appellant's reply brief is DENIED.